United States District Court
Southern District of Texas

**ENTERED**

May 12, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edwar Alexander Garcia-Villarroel, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-CV-2651 |
| | § | |
| Warden Randy Tate, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

**JUDGE PALERMO'S**
**<u>REPORT & RECOMMENDATION</u>**

U.S. Customs and Immigration Enforcement ("ICE") detained Petitioner Edwar Alexander Garcia-Villarroel on November 24, 2025. ECF No. 1 ¶ 7. He filed a petition for a writ of habeas corpus on April 2, 2026, challenging his detention. ECF No. 1.[1]

On April 28, 2026, Respondents filed a response to the petition. ECF No. 8. That same day, the government notified the Court that it intended to remove Petitioner from the United States "within five days of the filing of this Notice." ECF No. 9. Petitioner was subsequently removed from the United States. ECF No. 11.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker*

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 2.

1

*v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78–79 (2013)). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted) (quoting *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "[W]hen the controversy between parties 'has resolved to the point that they no longer qualify as adverse parties with sufficient legal interests to maintain the litigation, courts are without power to entertain the case.'" *Id.* (internal quotation marks and original alteration omitted) (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009)).

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (alteration and emphasis in original) (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004)), *adopted*, No. 3:24-CV-02640-B (BT), 2025 WL 1908169 (N.D. Tex. July 10, 2025). "A case or controversy may

2

continue to exist where 'the petitioner is no longer detained but the claimed violation's adverse consequences continue.'" *Id.* (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014)). "For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry." *Id.* (quoting *Nieto*, 583 F. App'x at 332). However, a habeas petition is moot "if the petitioner's 'claimed grounds for relief go only to [his] detention . . . [but] not the underlying removal proceedings or its collateral consequences.'" *Id.* (alterations in original) (quoting *Nieto*, 583 F. App'x at 331–32); *see also Kordia v. Noem*, No. 3:25-CV-01072-L-BT, 2026 WL 773087, at *1–2 (N.D. Tex. Mar. 19, 2026) (dismissing habeas petition as moot because petitioner was released); *Wilfredo R. v. Noem*, No. 3:25-CV-1702-D-BK, 2025 WL 3520307, at *1–3 (N.D. Tex. Nov. 4, 2025) (same), *adopted*, No. 3:25-CV-1702-D, 2025 WL 3517779 (N.D. Tex. Dec. 8, 2025).

Here, Garcia-Villarroel's petition challenges his detention—not the validity of his removal order. ECF No. 1 at 2–3 (alleging that Petitioner's "continued detention" violates due process and the INA). Thus, the petition is now moot because the Court can no longer award Garcia-Villarroel any relief related to his detention or the alleged due process and statutory violations. *Etuk*, 2025 WL 1908738, at *3.

Accordingly, the Court **RECOMMENDS** that Petitioner's petition for a writ

of habeas corpus, ECF No. 1, be **DISMISSED AS MOOT** without prejudice.

    **IT IS SO ORDERED.**

Signed on May 12, 2026, at Houston, Texas.

                **Dena Hanovice Palermo**
                **United States Magistrate Judge**